**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL P. CHIACCHIO | : | |
| 7808 Spruce Mill Drive | : | CIVIL ACTION |
| Yardley, PA 19067 | : | |
| | : | NO.: _____ |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| LEGAL AID OF SOUTHEASTERN | : | |
| PENNSYLVANIA, INC. | : | |
| 1290 Veteran Highway, Box 809 | : | |
| Bristol, PA 19007 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Michael P. Chiacchio (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Legal Aid of Southeastern Pennsylvania, Inc. (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait one full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must, however, file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and the ADEA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and the ADEA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where its subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the ADA and the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.      Defendant is a non-profit (domestically-incorporated) entity providing free (*pro-bono*) legal services throughout Eastern Pennsylvania.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

10.     Defendant is engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is a 63 year-old licensed attorney, with very significant experience in many aspects and areas of legal practice.

13.     Effective on or about August 3, 2020, Plaintiff had been hired by Defendant, a non-profit (domestically-incorporated) entity providing free (*pro-bono*) legal services throughout Eastern Pennsylvania.

14.     Plaintiff was considered physically based and/or employed from Defendant's 1290 Veterans Highway, Bristol, Pennsylvania location (in Bucks County, PA), and was referred to as a "CARES Fellow Attorney," employed by Defendant.

15.     Plaintiff underwent an interview process, evaluation and careful scrutiny to be selected for hire, even though he was one of two attorneys hired through a grant in the same timeframe and at the same physical location wherein there was a set duration to Plaintiff's anticipated short-term tenure.

16.     Plaintiff's general understanding was that he had been hired (as a salaried attorney) into a short-term, grant-funded position and Defendant wanted *the most qualified* candidates to assist it during that third-party funded role.

3

17.     It was thus known that Plaintiff would work from August 3, 2020 through November 30, 2020 (or roughly 3½ months in total), a well-defined timeframe.

18.     While employed by Defendant, Plaintiff performed everything and anything that was requested of him. Plaintiff assisted with many types of legal issues, and primarily focused on landlord-tenant assistance (and in particular due to the impact of the pandemic). In total, Plaintiff generally handled approximately 60-75 cases (by way of caseload) at any given time.

19.     Throughout Plaintiff's tenure with Defendant, he was a hard-working employee who performed his job well.

20.     Plaintiff was very successful in his role, continually praised (verbally and via e-mail), and as a result, Defendant was able to get an additional two months of funding, which extended Plaintiff's third-party funded role until January 29, 2021.

21.     Plaintiff took great pleasure in his work because he was helping those in need of help, in communities wherein they may not otherwise be able to afford any assistance whatsoever. Plaintiff was literally making a difference in peoples' lives every day, which he found very rewarding.

22.     The "Managing Attorney" of the "Bristol Office" and "Bucks County Division" was (and remains) Joshua Goldblum,[2] who converted from private practice to working for Defendant in the aforesaid role as of on or about November 1, 2019.

23.     In this position, Goldblum upon information and belief made and/or contributed to all relevant personnel, legal and case-management decisions within the Bucks County area and Bristol office (wherein Plaintiff was employed).

---

[2] *See* https://www.lasp.org/joshua-goldblum.

24.     During his employment with Defendant, Plaintiff was discriminatorily denied two (2) separate full-time attorney positions for discriminatory reasons.

25.     The first open (full-time) attorney position became available / known in or about November 2020 ("the November position"), and the second position became available / known in or about January 2021 ("the January position").

26.     As to the November position, Plaintiff was able to express his interest and apply. For example, Plaintiff exchanged e-mail messages with Kesha James (Deputy Director) wherein she stated:

> I am glad to hear that you are interested in the position. The experience you mentioned **and** your work with LASP through the CARES fellowship **certainly makes you a strong candidate**. We will email the job announcement to all staff soon. (Emphasis added).

27.     Following Plaintiff's interest and application for the aforesaid full-time (permanent) attorney position, *Plaintiff was not even interviewed or considered* (after even being told, in writing, that he was a "strong candidate"). Instead, Defendant hired a "Recent law school graduate" (Joshua Davis) who had passed the bar exam in October of 2020.[3]

28.     Despite Plaintiff's superior experience and qualifications, Defendant hired an individual *without actual practice experience* who was in his 20's (as to age). Moreover, despite knowing that Plaintiff was actively pursuing a full-time attorney position, Defendant did not even inform him that a second attorney position was available, until Plaintiff learned of another (and second) full-time hiring in January of 2021 (who also substantially younger than Plaintiff).[4]

---

[3] *See* https://www.linkedin.com/in/joshua-davis-a95475b4/

[4] Plaintiff's **inability** to apply for the second available full-time attorney position does not preclude him from seeking relief for its denial to him, as: (a) it was known he was applying for a full-time attorney role; and (b) he was given no opportunity to know of or apply. When a job opening is not posted, courts generally find that a job-seeker's expression of interest is sufficient for application. *See e.g., Box v. A & P Tea Co.*, 772 F.2d 1372, 1376-77 (7th Cir. 1985) (finding that when employer had no system to ensure that all interested applicants could apply, no formal applications were sought, and job openings were not posted, "the plaintiff can establish the application element of the *prima facie* case by showing that, had she known of . . . [the] opening, she would have applied"); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1132-33 (11th Cir. 1984) (finding a *prima facie* case established where the defendant "used no

29.     Plaintiff suffers from serious, long-term and permanent disabilities, including but not limited to Diabetes Type II and Hypertensive Disorder (and associated complications).

30.     As a result of his aforesaid health conditions, Plaintiff experiences, *inter alia,* severe pain and discomfort with a rash that covered approximately 80% of his body for an extended period of time, which (at times) limits his ability to perform some daily life activities, including but not limited to regulating his blood sugar levels  and working (among other daily life activities).

31.     Despite his aforesaid health conditions and limitations, Plaintiff was able to perform the duties of his job well with Defendant, however, Plaintiff did require some reasonable accommodations while employed with Defendant (as discussed *infra*).

32.     Plaintiff apprised Defendant's management, including but not limited to Goldblum of his aforesaid disabilities and need for medical accommodations on several occasions.

33.     Plaintiff requested intermittent time off for his disabilities (due to testing for and flare-ups of his condition), which consisted of a total of no more than two weeks' absences throughout Plaintiff's entire tenure (intermittent absenteeism that was easy to accommodate during Plaintiff's flare-ups).

34.     In addition, Plaintiff discussed with Goldblum that he was having health complications and discussed the possibility of various accommodations (particularly more remote work) due to Plaintiff's underlying health problems.

35.     Plaintiff's non-hiring for two full-time attorney positions, and ultimate termination, was completely discriminatory based upon his age and health for the following reasons (among others):

---

formal procedures for posting notice of available promotions or for determining who would be offered the promotion," relying instead "on 'word of mouth' and informal review procedures"); *Easley v. Empire Inc*., 757 F.2d 923, 930 n. 7 (8th Cir. 1985) (dictum) ("[F]ormal application for a job will be excused when a known discriminatory policy . . . deters potential jobseekers"); *Rodgers v. Peninsular Steel Co*., 542 F. Supp. 1215, 1220 (N.D. Ohio 1982) (where employer fails to notify its own employees of vacancy and instead goes outside the company to hire a worker, qualified employee has a *prima facie* case of discriminatory hiring).

(a) Plaintiff did an excellent job, handled a voluminous case load, and received numerous positive comments and praise verbally and in writing during his tenure;

(b) Plaintiff was not hired/retained in lieu of substantially younger, non-disabled individuals, one of whom lacked any actual lawyer-practice experience;

(c) Goldblum, the "Managing Attorney" of Bucks County (and Plaintiff's office location) said aloud in an effort to discourage Plaintiff from applying for full-time work that he wanted "young" attorneys to be hired. Plaintiff exclaimed out loud that, he "cannot say that." This is direct evidence of discrimination. The highest-level attorney overseeing Plaintiff's location / Bucks County (where other attorneys were hired in lieu of Plaintiff) stated a preference for "young" attorneys instead of Plaintiff (which discouraged Plaintiff from applying based solely upon his age);

(d) Following direct age biased commentary noted *supra,* in January of 2021, during a "My Teams" meeting, Goldblum again expressed a preference for age by stating that he relies on "millennials" under his supervision in reference to their purported better technological knowledge. Plaintiff was again offended because he believes that he is very technologically savvy. Goldblum lacked any reasonable filter in expressing discriminatory perceptions against older workers. As such, age was a determinative factor in Plaintiff's non-consideration and non-hire for two full-time positions, and ultimate termination; and

(e) Additionally, Goldblum was aware from Plaintiff's conversations with him that he was having some flareups of health conditions. Plaintiff kept him apprised because he would need to miss work very infrequently and because some of Plaintiff's health problems became quite visible.

36.     Defendant's management failed to accommodate Plaintiff without first engaging in the interactive process as required under the ADA and without providing any legitimate reasons as to why his accommodations could not be granted.

37.     Shortly after Plaintiff apprised Defendant's management of his need for accommodations and in close proximity to his objections to age discriminatory comments referenced *supra,* Plaintiff was wrongfully terminated.

38.     Plaintiff believes and therefore avers that he was not hired for the two positions referenced *supra,* and ultimately terminated by Defendant, because of: (a) his known and/or perceived health problems; (b) his record of impairment; (c) his requested accommodations (which

constitutes illegal retaliation); and (d) Defendant's failure to engage in the interactive process and to accommodate him (discussed *supra*).

39.     Upon information and belief, following his termination, the individual(s) performing Plaintiff's job duties, as well as the individuals hired for the two positions which Plaintiff was denied, are substantially younger, non-disabled employees, who do not have Plaintiff's level of experience and seniority.

40.     Plaintiff believes and therefore avers that he was also terminated from his position with Defendant and was not hired for the two positions, because of his advanced age and/or complaints of age discrimination.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; and [3] Failure to Accommodate)**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not limited regulating his blood sugar levels  and working (among other daily life activities).

43.     Plaintiff kept Defendant's management informed of his serious medical conditions and need for accommodations.

44.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

45.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off for his disabilities (due to testing for and flare-ups of his condition), as well as being permitted to perform additional remote work.

46.     Defendant's management failed to properly accommodate Plaintiff without first engaging in the interactive process as required under the ADA and without providing any legitimate reasons as to why his accommodations could not be granted.

47.     Plaintiff was instead subjected to hostility and animosity due to his health and/or requests for accommodations through demeaning and/or discriminatory treatment towards him.

48.     Plaintiff was denied/not hired for both the November position and the January position, and was wrongfully terminated, in close proximity to the disclosure of his health problems and his requests for accommodations.

49.     Plaintiff believes and therefore avers that he was not hired for the two positions referenced *supra,* and ultimately terminated by Defendant, because of: (a) his known and/or perceived health problems; (b) his record of impairment; (c) his requested accommodations (which constitutes illegal retaliation); and (d) Defendant's failure to engage in the interactive process and to accommodate him (discussed *supra*).

50.     These actions aforesaid constitute violations of the ADA.

**Count II**
**Violation of the Age Discrimination in Employment Act ("ADEA")**
**([1] Age Discrimination; and [2] Retaliation)**

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     While employed with Defendant, Plaintiff was subjected to discrimination based on his age by Defendant's management.

53.     For example, Plaintiff was treated disparately with respect to work, policies, promotion, hire and termination, contrary to individuals substantially younger than him.

54.     During his employment with Defendant, Plaintiff was subjected to discriminatory and demeaning treatment and comments based upon his age.

55.    Plaintiff was terminated in close proximity to him voicing his opposition to such treatment.

56.    Upon information and belief, following his termination, the individual(s) performing Plaintiff's job duties, as well as the individuals hired for the two positions which Plaintiff was denied, are substantially younger employees, who do not have Plaintiff's level of experience and seniority.

57.    Plaintiff believes and therefore avers that he was terminated from his position with Defendant and was not hired for the two positions, because of his advanced age and/or complaints of age discrimination.

58.    These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just,

proper and appropriate (including but not limited to damages for emotional distress, pain, suffering

and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable

attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

                        By:     _____
                                        Ari R. Karpf, Esq.
                                        Adam C. Lease, Esq.
                                        3331 Street Rd.
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801
                                        *Attorneys for Plaintiff*

Dated:  July 13, 2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Michael P. Chiacchio | : | CIVIL ACTION |
| v. | : |  |
| Legal Aid of Southeastern Pennsylvania, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| 7/13/2021 |  | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _7808 Spruce Mill Drive, Yardley, PA 19067_

Address of Defendant: _1290 Veteran Highway, Box 809, Bristol, PA 19007_

Place of Accident, Incident or Transaction: _Defendant's place of business_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/13/2021_         _____         _ARK2484 / 91538_
                          *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☒ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify): _____*

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify): _____*
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
       *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_ , counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _7/13/2021_         _____         _ARK2484 / 91538_
                          *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| CHIACCHIO, MICHAEL P. | LEGAL AID OF SOUTHEASTERN PENNSYLVANIA, INC. |

| (b)   County of Residence of First Listed Plaintiff       Bucks | County of Residence of First Listed Defendant       Bucks |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
　　　　Plaintiff

**X** 3   Federal Question
　　　　*(U.S. Government Not a Party)*

☐ 2   U.S. Government
　　　　Defendant

☐ 4   Diversity
　　　　*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*　　　　　　　　　　　　　　　　*and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

**X** 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation - Transfer

☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   **X** Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
7/13/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | | Reset |